IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO._____

MARC WACHTER and ANASTASIA
WACHTER,

        Petitioners,

vs.

LEXINGTON INSURANCE COMPANY, a
foreign corporation,

        Respondent.                              /

## RESPONDENT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Respondent, LEXINGTON INSURANCE COMPANY, (hereinafter "Respondent" or "Lexington"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal in order to remove the above-captioned civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The above-captioned civil State Court action is styled as *Marc Wachter and Anatasia Wachter v. Lexington Insurance Company*, Case No.: 14-026326-CA-01 (hereinafter "State Court Action"). The grounds for removal of the State Court Action to this Court are as follows:

    1.    Lexington is the Respondent in a civil action brought by Petitioners, Marc Wachter and Anatasia Wachter (hereinafter "Petitioners"), in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, which is located within the Miami Division of the United States District Court for the Southern District of Florida.  Complete copies of the Petitioners' Petition for Declaratory Relief (hereinafter "Petition"), Notice of Service of Process, and pleadings served upon

Lexington in the State Court Action are collectively attached to this Notice of Removal as composite Exhibit "A" pursuant to 28 U.S.C. §1446(a).  To date, no order(s) has been served upon Lexington in the State Court Action.

2. At all material times hereto, Lexington was and is a foreign corporation, incorporated in Delaware, doing business in the State of Florida, with its principal place of business in Massachusetts.

3. At all material times hereto, the Petitioners were residents of Miami-Dade County, Florida.  *See* Petition, ¶ 2.

4. The current action is a suit between citizens of different states in which the amount in controversy exceeds $75,000.00.  Accordingly, Lexington is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

5. Venue is proper in this district and division under 28 U.S.C. §1441 because the Circuit Court is located within this district and division.

6. The Petitioners aforementioned Petition was filed in Florida State Court on or about October 13, 2014.  It was then served on Lexington or about October 22, 2014; this is the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Petition to Lexington's designated agent, and the date upon which Lexington's designated agent for service of process received same.  *See* Exhibit A.

7. In the subject Petition, the Petitioners' claim that the insured property located at 310 E. Rivo Alto Drive, Miami Beach, Florida 33139 (hereinafter "Insured Property"), "sustained damage caused by a covered peril under the Policy" allegedly occurring "[o]n or about October 28,

2

2013, and/or December 15, 2013" and they seek a declaration from the Court that there was insurance coverage for this alleged loss(es) under a policy of insurance issued to the Petitioners by Lexington, bearing Policy Number 60945874, for the period of July 2, 2013, to July 2, 2014. *See* Petition, ¶ ¶ 4, 9 & "WHEREFORE."

8. The allegations contained in the Petitioners' Petition are vague and non-specific with respect to the total amount of their claim as they allege, in pertinent part: "This is an action for declaratory relief which concerns a value greater than Fifteen Thousand Dollars ($15,000.00), exclusive of attorneys' fee and costs . . . ." *See* Petition, ¶ 1.

9. In support of Petitioners' claim against Lexington for the foregoing, on or about November 21, 2014, the Petitioners, through their counsel, provided other papers to Lexington for alleged damage in the amount of $103,900.00 ($90,000.00 for approximated dwelling damage and $13,900.00 for Additional Living Expenses) from which Lexington first ascertained that the instant case is one that is removable as the amount in controversy exceeds $75,000.00. A copy of Petitioners' counsel's November 21, 2014 correspondence and attached documentation provided are collectively attached hereto and marked as composite Exhibit "B."

10. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1064 (S.D. Fla. 1995) (quoting *Hunt v. Washington State Apple Advertising Com'n,* 432 U.S. 333 (1977)).

11. Here, the Petitioners have valued the object of their case at approximately $103,900.00, exclusive of attorneys' fees and costs. *See* Exhibit B.

12. Thus, the allegations in the Petitioners' Petitioner together with the other papers supplied by the Petitioners to Lexington demonstrate that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs as set forth above.

13. Further, removal is timely under 28 U.S.C. §1446(b)(3) since this Notice of Removal has been filed within one year of Lexington's receipt of the initial pleading and within thirty days of receipt of other papers from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00. *See* Exhibits A and B.

14. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Respondent, LEXINGTON PROPERTY CASUALTY COMPANY, respectfully requests that the civil action filed by Petitioners, MARC WACHTER and ANASTASIA WACHTER, in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq*, and that this Honorable Court accept jurisdiction of this action.

**WE HEREBY CERTIFY** that on the 1st day of December, 2014, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> BY: /s/ Steven C. Teebagy_____
> Steven C. Teebagy, Esquire
> Florida Bar No.: 64823
> steebagy@powersmcnalis.com
> Crystalin C. Medeiros, Esquire
> Florida Bar No.: 56342
> cmedeiros@powersmcnalis.com
> **POWERS MCNALIS TORRES TEEBAGY LUONGO**
> P.O. Box 21289
> West Palm Beach, FL 33416-1289
> (561) 588-3000 Telephone
> (561) 588-3705 Facsimile
> Attorneys for Respondent

## **SERVICE LIST**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARC WACHTER and ANASTASIA WACHTER v. LEXINGTON INSURANCE COMPANY

CASE NO.: _____

David S. Farber, Esquire
Attorney for Petitioners
The Farber Law Firm
2199 Ponce De Leon Blvd., Suite 200
Coral Gables, FL 33134
Telephone:	(305) 774-0134
Facsimile:	(305) 774-0135
Email:		dfarber@dfarberlaw.com